El Pueblo de Puerto Rico, demandante y apelado, *v.* Andrés Pérez, acusado y apelante.

No. 4792.—*Sometido:* Enero 13, 1933. *Resuelto:* Mayo 29, 1934.

*P. Pérez Pimentel, Miguel A. Burset, R. García Cintrón* y *R. Arroyo,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Andrés Pérez interpuso esta apelación contra sentencia que lo condena por delito de escalamiento en primer grado después que un jurado rindió contra él veredicto de culpabilidad.

El apelante penetró de noche en la tienda de Tomás Ramírez y de Aureo Díaz, en Vieques, y fué sorprendido y de-

tenido cuando estaba abriendo la caja de hierro en que el dinero era guardado. La prueba de su delito es clara y no alega error alguno en cuanto a su suficiencia para la condena. Los motivos de su recurso son por la forma en que el juicio fué celebrado y por habérsele negado un nuevo juicio.

■■■ El primero de los que alega es por haberse permitido que declarase en el juicio Aureo Díaz, que no figuraba como testigo del fiscal en su acusación, pero ha sido resuelto en varias ocasiones que el fiscal puede llamar como testigo a persona cuyo nombre no figura al dorso de su acusación, ya que la admisión de prueba va dirigida a la sana discreción de los tribunales. El *Pueblo* v. *Kent,* 10 D.P.R. 346; el *Pueblo* v. *Román (a) Chelo,* 10 D.P.R. 560. Esto lo reconoce el apelante pero dice que sus manifestaciones a la corte de que fué sorprendido con la presentación de este testigo, que eso le causaba perjuicio y que no estaba preparado para confrontarse con él, son suficientes motivos para que la suspensión del juicio fuese decretada. Si esto fuera así habría que suspender necesariamente los juicios en tales circunstancias y la corte no tendría discreción alguna que ejercitar. No tenemos estatuto como en otras jurisdicciones que requiera la presentación de declaraciones juradas (*affidavits of merits*) para obtener la suspensión por tal motivo pero siempre hay que demostrar a la corte algo más que las simples manifestaciones que hizo el apelante. ■ Además, el testigo Aureo Díaz que el fiscal presentó sin figurar en la lista de sus testigos era uno de los dueños de la tienda escalada, por lo que no podía sorprender al acusado que fuese presentado como testigo por ser uno de los perjudicados; y era persona bien conocida por el acusado, según éste declaró, por lo que no encontramos que la corte cometiera el error que se le imputa.

■ Los errores alegados en segundo y tercer lugar son idénticos, y así lo reconoce el apelante, por lo que podemos resolverlos conjuntamente. Ellos son por haber permitido la corte inferior que declarasen los testigos Angel Rodríguez Escobar y Concepción Carmona. El primero de ellos era el

Juez Municipal de Vieques en la fecha a que se refiere la acusación y el otro un policía insular. Las objeciones hechas a ellos eran porque son testigos de referencia y porque el acusado no estaba presente en el momento a que ellos se refieren.

Ambos testigos acudieron a la tienda inmediatamente después del suceso a que se refiere esta causa, que tuvo lugar un sábado por la noche, y ambos declararon que vieron abierta una puerta de la tienda que comunicaba con el zaguán de la casa donde está el establecimiento mercantil y que en los altos de ella vivía entonces Andrés Pérez; que esa puerta tenía una llave puesta que abría por el zaguán y tenía por la parte del zaguán una tabla que la condenaba pero que había sido aserrada; que el lunes siguiente el policía encontró cerca de la caja de caudales una llavecita que entregó al juez, quien la probó en la caja viendo que abría la parte interior de ella.

No hubo error de la corte el permitir las declaraciones de esos testigos porque en ellas nada hay de referencia. Son hechos que conocían por sus sentidos y que no requerían que fuesen vistos por ellos en presencia del acusado. Eran admisibles porque estaban relacionados con el acusado, quien fué visto entrar por esa puerta por otros testigos, se dirigió a la caja de caudales, empezó a manipular su combinación teniendo una linterna eléctrica encendida y en esa situación fué detenido, tirando entonces algo que produjo un sonido metálico, resultando luego ser la llavecita que abría la puerta interior de la caja, sin ser la de los dueños de la tienda.

El cuarto error se alega por haber permitido la corte que el fiscal hiciera ciertas manifestaciones en presencia del jurado con perjuicio del acusado. Hemos leído las manifestaciones que hizo el fiscal en el juicio y a que se refiere el error que resolvemos pero no encontramos que hayan podido perjudicar en forma alguna al acusado ante el jurado, tanto más dada la prueba clara y robusta de testigos presenciales y de haber sido sorprendido el acusado cuando después de

allanar la tienda trataba de abrir la caja en que se encontraba el dinero del establecimiento comercial.

██ El último error se alega por haber sido negado al acusado un nuevo juicio.

La moción en que lo solicitó con los motivos en que la fundó no forma parte de estos autos por lo que es suficiente razón para no resolverlo. Sin embargo, aún teniendo en cuenta los motivos en que según su alegato fundó su moción, resulta que ellos son los que en su apelación contra la sentencia alega ante nosotros y como han sido resueltos en contra suya no puede decretarse el nuevo juicio que interesa.

*La sentencia apelada debe ser confirmada.*